UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KEVIN CAMPBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | 2:19-CV-00107-DCLC-CRW |
| ) | |
| v. ) | |
| ) | |
| FAF, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Settlement [Doc. 126]. On January 22, 2019, Plaintiff initiated this class and collective action in the United States District Court for the Southern District of California on behalf of himself and all others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and California and Ohio consumer protection and wage and hour laws [Doc. 1]. On June 24, 2019, Plaintiff's action was transferred to this Court [Doc. 42]. Following a report of successful mediation [Doc. 112], and in compliance with this Court's orders, Plaintiff filed the motion for preliminary approval that is currently before the Court [Doc. 126]. The parties have agreed to settle Plaintiff's claims on a collective action basis pursuant to Section 216 of the FLSA and on a class action basis pursuant to Federal Rule of Civil Procedure 23 [*Id.* at pg. 11]. Having considered Plaintiff's unopposed motion for preliminary approval, Plaintiff's motion is well-taken and **GRANTED**.

1. The Court hereby **GRANTS** preliminary approval of the terms and conditions contained in the Settlement, attached to the Declaration of Carolyn H. Cottrell in support of Plaintiffs' Motion for Preliminary Approval of Settlement as Exhibit 1, as to the Class. The Court

1

preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Rule 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement was entered into in good faith.

3. The Court hereby **GRANTS** conditional certification of the provisional Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is identified in Exhibit 2 to the Settlement, and is defined as:

> all current and former independent contractors who were under contract with Odyssey and hauled less than truckload (LTL) loads for FAF under FAF's motor carrier authority at any time during the period beginning January 22, 2016 and continuing through November 4, 2020.

4. The Court hereby **GRANTS** approval of the terms and conditions contained in the Settlement as to the Collective of Opt-In Plaintiffs. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to the FLSA and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this

time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court hereby conditionally certifies the Collective. The Collective is defined as all individuals who submitted opt-in consent forms in this action.

7. The Court hereby authorizes the retention of Simpluris, Inc. as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated to be $4,803.43.

8. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP and Law Offices of Robert S. Boulter as Counsel for the Class. The Court hereby conditionally appoints Plaintiff Kevin Campbell as Class Representative for the California Class.

9. The Court hereby appoints Schneider Wallace Cottrell Konecky LLP and Law Offices of Robert S. Boulter as Counsel for the Collective. The Court hereby appoints Plaintiff Kevin Campbell as Collective representative for the Collective.

10. The Court hereby **APPROVES** the Notice of Settlement attached to the Settlement as Exhibit 1. The Court finds that the Notice of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement appear to fully and accurately inform the Members of the Class of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement.

The Court also finds that the Notice of Settlement appears to fully and accurately inform the Members of the Collective of all material elements of the proposed Settlement.

11. The Court hereby authorizes dissemination of the Notice of Settlement to Members of the Class and the Collective. Subject to the terms of the Settlement, the Notice of Settlement shall be mailed via first-class mail to the most recent known address of each Member of the Class and the Collective within the timeframe specified in the Settlement and sent via email to all such persons for whom Defendants have an email address. The Parties are authorized to make non-substantive changes to the proposed Notice of Settlement that are consistent with the terms of the Settlement and this Order.

12. The Court hereby **APPROVES** the proposed procedure for Members of the Class to request exclusion from the Rule 23 component Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Class Member who submits a written exclusion shall not be a Member of the Class, shall be barred from participating in the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

13. The Court further **PRELIMINARILY APPROVES** Plaintiff's counsel's request for attorneys' fees plus their costs of up to 35% of the Gross Settlement Amount, or $105,000.

14. It is hereby **ORDERED** that Plaintiff's counsel shall file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement, at least 35 days before the Final Approval Hearing.

15. It is hereby **ORDERED** that Plaintiff's counsel shall file a motion for approval of the fee and cost award and of the service award to the Class Representative, with the appropriate

declarations and supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

16. It is further **ORDERED** that each Member of the California Class shall be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on **July 1, 2021 at 11:00 a.m.** in Courtroom 420, of the United States District Court, Eastern District of Tennessee, Greeneville Division. Any Class Member seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiffs' counsel and Defendants' counsel.

17. The Court hereby **APPROVES** the proposed Notice of Settlement and the proposed schedule, as provided in Plaintiff's motion [Doc. 126, pgs. 27-29] and included in the Settlement.

18. It is further **ORDERED** that, pending further order of this Court, all proceedings in this action, except those contemplated herein and in the Settlement, are stayed and all deadlines are vacated.

19. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge