UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KEVIN CAMPBELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:19-CV-00107-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| FAF, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Final Approval of Settlement, for Attorneys' Fees and Costs, and for Service Award ("Motion for Final Approval") [Doc. 129]. The Court held a Final Approval Hearing on July 29, 2021, in which the Court carefully considered the motion and terms of settlement. Plaintiff's Motion for Final Approval is well-taken and **GRANTED**. Accordingly, it is hereby **ORDERED**:

1. The Court hereby **GRANTS** final approval of the terms and conditions contained in the Settlement, attached to the Declaration of Carolyn H. Cottrell in support of Plaintiffs' Motion for Final Approval as Exhibit 1. The Court finds that the terms of the Settlement are fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23 and applicable law, and the Parties shall consummate the terms and provisions of the Settlement.

2. The Court hereby makes final its earlier conditional certification of the Rule 23 Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is identified in Exhibit 2 to the Settlement, and is defined as all current and former independent contractors who were under contract with Odyssey and hauled less than truckload (LTL) loads for

1

FAF under FAF's motor carrier authority at any time during the period beginning January 22, 2016 and continuing through November 4, 2020.

3. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the Collective of Opt-In Plaintiffs. The Court finds that the terms of the Settlement represent a fair and reasonable resolution of a bona fide dispute, and are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

4. The Court hereby confirms its previous finding that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

5. In accordance with the Court's previous orders, the Collective is defined as all individuals who submitted opt-in consent forms in this Action.

6. The Court hereby confirms the appointment of Simpluris, Inc. as Settlement Administrator for the purpose of the Settlement, and approves its reasonable administration costs of $4,000.00, which is to be paid from the total Settlement.

7. The Court hereby finally appoints Schneider Wallace Cottrell Konecky LLP and Law Offices of Robert S. Boulter as Counsel for the Class and Collective.

8. The Court hereby finally appoints Plaintiff Kevin Campbell as Class Representative for the California Class and as Collective representative for the Collective.

9. The Court finds that the approved Notice of Settlement (submitted to the Court as Exhibit 1 to the Settlement) constituted the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice of Settlement fully and accurately informed the Rule 23 Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in this hearing and all Rule 23 Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

10. The Court further finds that the Notice of Settlement fully and accurately informed the Collective Members of all material elements of the Settlement. Accordingly, the Court determines that all Collective Members who submitted timely opt-ins are bound by this Order and the Judgment.

11. The Court further finally approves Class Counsel's request for attorneys' fees plus their costs of up to 35% of the Gross Settlement Amount, for a total of $105,000 in fees and costs. This amount is justified under the percentage of the fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Class

Counsel are reasonable, that the estimated hours expended are reasonable, and that the multiplier is reasonable in light of the above.

12. The Court finally approves the requested service award of $10,000 for Plaintiff Campbell, and finds that this award is fair and reasonable for the work he provided to the Rule 23 Classes and Collective and the broader release he executed than the Class Members and Opt-In Plaintiffs.

13. Accordingly, good cause appearing, the Court hereby **APPROVES** the implementation schedule set out in the Motion for Final Approval [Doc. 129, pg. 2].

14. The Court further orders that, pending further order of this Court, all proceedings in the above-captioned Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

15. The Court orders that all Class Members (other than those who filed timely and valid exclusion letters) are permanently enjoined from prosecuting against Defendants and the Released Parties any and all of the Class Members' Released Claims.

16. The Court orders that the Class Representative is permanently enjoined from prosecuting against Defendants and the Released Parties any and all of the Class Representative's Released Claims.

SO ORDERED:

_____
United States District Judge

4

Case 2:19-cv-00107-DCLC-CRW   Document 133   Filed 07/29/21   Page 4 of 4
PageID #: 1323